UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN LAI XING CHENG FURNISHINGS CO., LTD,<br>　　　　Plaintiff<br><br>　　v.<br><br>SHENZHEN CHENBEI TECH CO., LTD, *et al.*,<br>　　　　Defendant | No. 23 CV 17053<br><br>Judge Jeremy C. Daniel |

**ORDER**

The defendants' Motion to Dismiss [22] is granted. The plaintiff's Motion to Strike [38] is denied as moot. The defendants shall have 21 days to answer the remaining claim of plaintiff's complaint.

**STATEMENT**

This is a declaratory judgment action for trademark non-infringement brought by Plaintiff Shenzhen Lai Xing Cheng Furnishings Co., Ltd., against Defendants Shenzhen Chenbei Tech Co., Ltd, Vesync (Singapore) PTE. Ltd, and Vesync Corporation (collectively, "Vesync"). The plaintiff filed suit after receiving a cease-and-desist letter from Vesync, demanding the plaintiff stop using a pair of Vesync's marks ("Levoit" and "Levoit Core") when selling filters that are stated to be compatible with "Levoit" air purifiers. (R. 19 ¶¶ 2, 13–14, R. 19-1.)

Vesync answered and counterclaimed for trademark infringement, federal and Illinois unfair competition, federal false advertising, and business defamation, asserting its "Levoit" and "Vortexair" marks. (R. 14 ¶¶ 70–116.) The plaintiff then amended its complaint, adding claims for cancellation of Vesync's marks for fraud on the United States Patent and Trademark Office ("USPTO") during the registration of the asserted marks (Count II) and for naked licensing (Count III). (R. 19 ¶¶ 31–42.)

Vesync moved to dismiss Counts II and III. (R. 22.) The plaintiff moved to strike three exhibits from Vesync's reply in support of their motion to dismiss for being new material.[1] (R. 38.) The Court decides these motions together.

---

[1] The plaintiff moves to strike exhibits A, D, and E from Vesync's reply-in-support of their motion to dismiss, arguing the exhibits constitute new material Vesync could have

## I. VESYNC'S MOTION TO DISMISS COUNTS II AND III

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). To overcome a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise the right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *In re Abbott Labs. Derivative S'holder Litig.*, 325 F.3d 795, 803 (7th Cir. 2003). However, the Court is under no obligation to ignore allegations by the plaintiff that undermine the complaint. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992). In this way, a plaintiff can plead itself out of court by alleging sufficient facts to defeat the claims asserted. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011)

### A. Plaintiff's Count II

Count II seeks cancellation of asserted registration numbers 5,866,037 and 5,006,872 for fraud. (R. 19 ¶¶ 33–36.) The defendants argue that the plaintiff's claims are self-defeating and inadequate as a matter of law. (R. 22 at 4–5).

Fraud must be pled with particularity. Fed. R. Civ. P. 9(b). To state a claim for fraud upon the USPTO during trademark registration, a plaintiff must plausibly allege:

> (1) [a] false representation regarding a material fact; (2) the registrant's knowledge or belief that the representation is false; (3) the intention to induce action or refrain from action in reliance on the misrepresentation; (4) reasonable reliance on the misrepresentation; and (5) damages proximately resulting from such reliance.

*See Slep-Tone Ent. Corp. v. Elwood Enters., Inc.*, 165 F. Supp. 3d 705, 710 (N.D. Ill. 2015); *see also Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254, 270–71 (2d Cir. 2011) (same standard); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1226 (10th Cir. 2000) (same); 4 McCarthy on Trademarks and Unfair Competition § 31:61 (5th ed.) (discussing widespread application of these factors by courts).

---

submitted with the motion to dismiss. (R. 38 at 1.) The Court does not need to decide the motion on the merits because the exhibits do not factor into its decision-making on the plaintiff's motion to dismiss. Accordingly, the plaintiff's motion to strike is denied as moot.

    **1.    Cancellation of Registration No. 5,866,037**

The plaintiff asserts that when Vesync applied for registration number 5,866,037, they committed fraud by misrepresenting the date of first use. (R. 19 ¶ 34.) According to the plaintiff, Vesync claimed a date of first use of August 24, 2015. (*Id.*) However, the plaintiff alleges the registered mark was not used until sometime in 2016. (*Id.*) This incorrect date of first use is alleged to be a fraudulent misrepresentation. (*Id.*) However, the plaintiff also pled that this application was filed "late 2018" (R. 19 ¶ 26.) An incorrect date of first use is only a material misrepresentation if the date of first use occurred after the application date. *See Miyano Mach. USA, Inc. v. MiyanoHitec Mach., Inc.*, 576 F. Supp. 2d 868, 880 (N.D. Ill. 2008) (citing *Pony Express Courier Corp. v. Pony Express Delivery Serv.*, 872 F.2d 317, 319 (9th Cir. 1989)). If both the incorrect and alleged correct date pre-date the application date, there is no material misrepresentation and no viable fraud claim. *Id*. Here, the plaintiff has pled an incorrect date in 2015, an alleged correct date in 2016, and an application date in 2018. (R. 19 ¶¶ 26, 34.) Because the complaint does not have plausible allegations supporting the first element of the plaintiff's *prima facie* case, the complaint is facially insufficient, and the plaintiff has pled itself out of court on this claim.

    **2.    Cancellation of Registration No. 5,006,872**

Turning to registration number 5,006,872, the plaintiff claims fraud because the specimen submitted to the USPTO in the application for this mark bears a "mere sticker bearing the mark on the product." (R. 19 ¶ 35.) It is unclear what portion of the alleged conduct is fraudulent. In its opposition brief, the plaintiff expands on its claim, asserting that "mere stickers bearing the mark indicate that Defendants' products are clearly not ready for the market, or 'in commerce.'" (R. 29 at 4–5.) These statements fall short of the particularity required to plead fraud claims under Rule 9(b). Accordingly, the Court finds that Plaintiff failed to state a claim for fraud for this claim.

    **B.    Count III – Naked Licensing**

A claim for naked licensing requires the plaintiff plead that the mark's owner licensed the mark without retaining decision-making power over the quality of products using the mark. *See Eva's Bridal Ltd. v. Halanick Enters., Inc.*, 639 F.3d 788, 791 (7th Cir. 2011) ("Trademark law requires that 'decision-making authority over quality remains with the owner of the mark[.]'") (citations omitted). Here, the plaintiff pleads that 1) the asserted marks were once owned by different companies before being consolidated under defendant Vesync (Singapore)'s ownership, (R. 19 ¶¶ 30, 42), and 2) some buyers left bad reviews on Amazon (*id.*, ¶ 41). These two facts, offered alone, are insufficient to make out a *prima facie* case for naked licensing.

For the aforementioned reasons, Vesync's motion to dismiss is granted and the plaintiff's motion to strike is dismissed as moot.

Date: October 21, 2024

                                                  JEREMY C. DANIEL
                                                 United States District Judge

4